**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL S. BLANKENSHIP,<br><br>       Plaintiff,<br><br>    v.<br><br>FIDELITY CREDITOR SERVICE, INC.,<br><br>       Defendant. | Case No. 5:20-cv-01083<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW comes DANIEL S. BLANKENSHIP, ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of FIDELITY CREDITOR SERVICE, INC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* for Defendant's unlawful conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing within the Central District of California.

5.   Defendant is a third party debt collector that engages in its debt collection operations against consumers throughout the United States. Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 216 S. Louise St., Glendale, California 91205. Defendant regularly collects from consumers, including those within the State of California.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant actions stems from Defendant's attempts to collect upon a past due water bill ("subject debt") that Plaintiff allegedly owed.

8.   Around January 2020, Plaintiff received a credit alert and realized that Defendant was reporting the subject debt on his credit report in the amount approximately $1,400.

9.   Perplexed as to why Defendant was reporting the subject debt, around February 2020, Plaintiff contacted Defendant in order to discuss the subject debt.

10.   This phone call was the first communication Plaintiff had with Defendant.

11.   Plaintiff, after explaining that he believes that he does not owe the subject debt, requested that he be provided proof or other validating information outlining whether he actually owed the subject debt.

12.   Defendant's representative responded with hostility and aggressive rudeness in response to Plaintiff's request.

13.   Defendant's representative patently refused to provide any information to Plaintiff unless he requested such information in writing.

14.   Defendant also berated Plaintiff for not paying his alleged debt, and then promptly hung up the phone immediately thereafter.

15.   Upon information and belief, Defendant refused to provide any validating information regarding the subject debt to Plaintiff because it lacked sufficient documentation to substantiate the amount it sought to collect from Plaintiff.

16.   In addition to asking for validation over the telephone, Plaintiff requested validation of the subject debt in writing.

17.   At no point has Defendant sent Plaintiff *any* information in writing regarding the subject debt.

3

18.   Every time Plaintiff called Defendant to discuss the subject debt, Defendant would respond with hostility, aggressive rudeness, and hang up Plaintiff.

19.   Frustrated, confused, upset, and distraught over Defendant's conduct, Plaintiff spoke with Wadja regarding his rights, resulting in exhausting time and resources.

20.   Plaintiff has been unfairly and unnecessarily harassed, abused, misled, and deceived by Defendant's actions.

21.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, feeling harassed by Defendant's rude and demeaning behavior, invasion of privacy, anxiety, a deprivation of his rights to be provided clear and accurate information regarding the subject debt Defendant was attempting to collect, and emotional distress stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.   Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25.   Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 2007.[1]

---

[1] http://www.acainternational.org/search#memberdirectory

4

26.  The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692d

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated §1692d through the nature of its harassing, oppressive, and abusive conduct during the phone conversations it had with Plaintiff. During these phone calls, Defendant berated Plaintiff for incurring the subject debt and refusing to pay the subject debt, even though Plaintiff had explained that he believed that he did not owe the subject debt. As soon as Plaintiff made a reasonable request for information verifying the subject debt, Defendant responded by verbally attacking and abusing Plaintiff. Furthermore, Defendant's representatives, after berating and demeaning Plaintiff, proceeded to hang up on Plaintiff mid-conversation.

### b.  Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, and e(10) when it falsely represented that the only way it could validate the subject debt is if Plaintiff sent such request in writing.

32. Even after Plaintiff requested validation of the subject debt in writing, Defendant still failed to send Plaintiff validation of the subject debt.

33. Defendant used such misleading and false conduct in order to confuse Plaintiff into making a payment on the subject debt.

    **c.  Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably refused to provide information to Plaintiff regarding the subject debt. Defendant's refusal to provide this information unfairly and unconscionably deprived Plaintiff of vital information which would have allowed Plaintiff to go about intelligently addressing whether he has an actual obligation on the subject debt. Underscoring the unconscionable nature of Defendant's refusal is the fact that Defendant appears to lack the information necessary to justify the amount it is reporting on Plaintiff's credit report. Collecting on a debt absent sufficient information to justify the amount Defendant was seeking further violates § 1692f. Additionally, pursuant to 15 U.S.C. § 1692g, Defendant would be required, within five days of the conversation that occurred in February 2020, to send Plaintiff information in writing which outlines Plaintiff's rights to dispute the subject debt and seek validation of the same. Because Plaintiff would exercise such a dispute and validation right (if Defendant even provided the requisite disclosures to Plaintiff), Defendant would then have had to provide the information Plaintiff requested orally. This further underscores that Defendant's refusal to provide the information to Plaintiff was done in an unfair and unconscionable attempt to deprive Plaintiff information he would be entitled to anyways, and further because Defendant lacked sufficient documentation justifying the amount it was reporting on Plaintiff's credit report.

    **d.  Violations of FDCPA § 1692g**

36. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

37. Defendant violated § 1692g(a) by failing to provide the written information required within five days after the initial communication with Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

38. As pled in paragraphs 18 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DANIEL S. BLANKENSHIP, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.10 – 1788.17

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, f, and g. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff the subject debt by the  harassing and misleading conduct outlined above..

45. Furthermore, Defendant intentionally failed to provide Plaintiff with validation of the subject debt.

46. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable

Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, DANIEL S. BLANKENSHIP, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: May 27, 2020                    Respectfully submitted,

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com